IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER MCCARROLL, | CIVIL ACTION |
| Plaintiff, | 3:24-CV-00522-MEM |
| v. | |
| WESTGUARD INSURANCE COMPANY | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, WestGUARD Insurance Company ("WestGUARD"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and in support thereof avers as follows:

### INTRODUCTION

1. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph contains factual allegations, they are denied. By way of further response, WestGUARD acted lawfully at all times and employment decisions concerning Plaintiff were based on legitimate reasons.

### JURISDICTION AND VENUE

33080747v.1

2. This paragraph contains conclusions of law to which no responsive pleading is required.

3. This paragraph contains conclusions of law to which no responsive pleading is required.

4. This paragraph contains conclusions of law to which no responsive pleading is required.

5. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph contains factual allegations, they are denied. By way of further denial, WestGUARD is without sufficient knowledge and information as to when Plaintiff filed a Charge of Discrimination with the EEOC and denies that Plaintiff timely filed her Charge with the EEOC.

6. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph contains factual allegations, they are denied. By way of further denial, WestGUARD is without sufficient knowledge and information as to when Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission and denies that Plaintiff timely filed her Charge with the PHRC.

## PARTIES

7.WestGUARD incorporates herein by reference its responses to all of the foregoing paragraphs as if set forth in full.

8.Admitted, on information and belief.

9.Admitted in part; denied in part as stated. WestGUARD does not specialize in reinsurance. WestGUARD maintains its principal executive office in Pennsylvania, but is domiciled in Omaha, Nebraska. WestGUARD admits that it was listed on Plaintiff's W-2 as her employer.

10.This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph contains factual allegations, they are denied.

## FACTUAL BACKGROUND

11.WestGUARD incorporates herein by reference its responses to all of the foregoing paragraphs as if set forth in full.

12.Admitted.

13.Admitted in part; denied in part. WestGUARD admits that Plaintiff reported to Mik Lis for a period of time. Plaintiff reported to another leader while she was employed in a different role at WestGUARD.

14.Denied. On the contrary, Plaintiff's work performance was below expectations and had been for quite some time, despite having

3

numerous training and retraining opportunities. By way of further response, Plaintiff's supervisor spoke to her about her underperformance in October of 2022, and later placed her on probation on February 10, 2023.

15. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, WestGUARD is without sufficient knowledge or information to form a belief as to whether Plaintiff suffers from alcohol dependency or other medical conditions and complications.

16. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

17. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied. WestGUARD denies that Plaintiff performed her job duties well.

18. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied as stated. WestGUARD admits only that Plaintiff made a comment to her supervisor, Mik Lis, regarding having

previously experienced substance dependence, from which she recovered. Plaintiff did not request any workplace accommodation in this regard.

19. Admitted in part; denied in part. WestGUARD denies that Plaintiff made a request for a medical leave of absence in January 2023. WestGUARD admits only that Plaintiff informed her supervisor, Mik Lis, of some post-COVID issues at some point during her employment, including feeling "foggy."

20. WestGUARD is without sufficient knowledge or information sufficient to form a belief regarding any diagnosis Plaintiff may have received or any communications between Plaintiff and any treating physician(s) and the same is therefore denied.

21. Admitted in part; denied in part as stated. WestGUARD admits only that shortly after WestGUARD implemented a policy requiring employees to return to work in the office for three (3) days per week, Plaintiff notified WestGUARD that she had a medical condition and requested to be allowed to work from home.

22. Admitted in part; denied in part as stated. *See* WestGUARD's Response to Paragraph 21.

23. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual

allegations, they are denied as stated.  WestGUARD implemented a post-COVID return to work in the office policy in February of 2023.  The policy required employees to work from the office three days per week.

24. Admitted in part; denied in part as stated.  Plaintiff did not initially provide a note from her medical provider confirming the need for her request.  After a couple of follow up emails were sent to Plaintiff by WestGUARD, Plaintiff eventually provided a note from her medical provider.  The note is a document that speaks for itself.  WestGUARD denies Plaintiff's characterization of the note.

25. Denied.  Each and every allegation of Paragraph 25 is specifically denied.

26. Denied.  On the contrary, Plaintiff had been informed by her supervisor about her underperformance in October of 2022, long prior to her work-from-home request in February of 2023.  Plaintiff's supervisor informed Plaintiff that she failed to follow up on claims, failed to note claim files as required, and screened calls instead of answering them, among other deficiencies.  Plaintiff did not demonstrate the expected improvement, and she was placed on probation on February 10, 2023.  Plaintiff did not request to work from home until approximately one week **after** being placed on probation.

27. Denied. *See* WestGUARD's Response to Paragraph 26, above.

28. Denied. *See* WestGUARD's Response to Paragraph 26, above.

29. Denied.

30. Admitted in part; denied in part as stated. WestGUARD admits only that it terminated Plaintiff's employment. By way of further response, despite being provided with the only accommodation she ever sought, Plaintiff's performance continued to fall far below acceptable standards. WestGUARD extended her probation for two weeks in an attempt to provide Plaintiff an opportunity to improve. Despite this effort, and the multiple interventions by her supervisor, Plaintiff did not raise her performance to an acceptable level and her employment was terminated.

31. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

32. Admitted in part; denied in part. WestGUARD admits only that it offered Plaintiff a severance package to ease her transition. WestGUARD denies Plaintiff's legal conclusions concerning the severance offer.

33. Admitted.

34. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

35. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

## **COUNT I- ADA**

36. WestGUARD incorporates herein by reference its responses to all of the foregoing paragraphs as if set forth in full.

37. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

38. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

39. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

40. Denied. On the contrary, the only accommodation Plaintiff ever sought was her request to work from home in February of 2023.

WestGUARD denies Plaintiff's characterization of the reason for her work from home request.

41. Denied.

42. Admitted in part; denied in part. This paragraph contains conclusions of law to which no responsive pleading is required. WestGUARD admits only that it terminated Plaintiff's employment after she failed to demonstrate the necessary improvement after being placed on probation. WestGUARD denies Plaintiff's characterization of the timing of the termination.

43. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

44. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

45. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint, awarding

Defendant costs, including reasonable attorneys' fees, and such other and further relief as this Court in its discretion deems appropriate.

## COUNT II- PHRA

46. WestGUARD incorporates herein by reference its responses to all of the foregoing paragraphs as if set forth in full.

47. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent this paragraph asserts factual allegations, they are denied.

**WHEREFORE,** Defendant demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint, awarding Defendant costs, including reasonable attorneys' fees, and such other and further relief as this Court in its discretion deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each Count thereof fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions or conduct.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief since Plaintiff has an adequate remedy at law.

### FOURTH AFFIRMATIVE DEFENSE

WestGUARD is not liable for any damages, including liquidated or punitive damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

WestGUARD exercised reasonable care to prevent and correct promptly any discriminatory conduct and harassment, and Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective measures, or to otherwise avoid harm.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

WestGUARD at all times had legitimate, non-discriminatory, lawful reasons for its decisions regarding Plaintiff's employment.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination, retaliation, or failure to accommodate under the Americans with Disabilities Act and/or Pennsylvania Human Relations Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that WestGUARD's legitimate reasons for its actions were pretextual.

## TWELFTH AFFIRMATIVE DEFENSE

None of WestGUARD's actions were malicious or were committed with reckless indifference to the protected rights of any employees.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in any protected activity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or limited under the after-acquired evidence doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims in the Complaint, are barred, in whole or in part, by Plaintiff's failure to timely exhaust statutory and administrative remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims in the Complaint, are barred, in whole or in part, by the exclusivity provisions of the Workers Compensation Act.

### NINETEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff could establish that a protected category or retaliation was a motivating factor for any adverse employment action—which she cannot—her remedies are barred or diminished because WestGUARD would have taken the same action(s) in the absence of any impermissible motivating factor.

### TWENTIETH AFFIRMATIVE DEFENSE

WestGUARD engaged in good faith efforts to comply with the law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

All standards and selection criteria used by WestGUARD are job related and consistent with business necessity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's requested accommodation(s) would cause an undue hardship to WestGUARD.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

WestGUARD granted Plaintiff's request for accommodation.

WestGUARD reserves the right to assert additional defenses as they may become known through the course of discovery.

**WHEREFORE,** Defendant demands that judgment be entered in their favor and against Plaintiff, dismissing Plaintiff's Complaint, awarding Defendant costs, including reasonable attorneys' fees, and such other and further relief as this Court in its discretion deems appropriate.

**WHITE AND WILLIAMS LLP**

By:  /s/Tanya A. Salgado, Esquire
Tanya A. Salgado
1650 Market Street
One Liberty Place – Suite 1800
Philadelphia, PA  19103-7395
215-864-6368 /215-789-7671(fax)
salgadot@whiteandwilliams.com
Attorneys for Defendant

Dated:  July 2, 2024